IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV400-2-V
(3:01CR99-01-V)

| | |
|---|---|
| WILLIE McPHAUL,  )<br>     Petitioner,  )<br>           )<br>     v.      )<br>           )<br>UNITED STATES OF AMERICA,  )<br>     Respondent.  )<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court upon a "Motion To Redact," filed on March 17, 2008 by Marcia Shein, one of Petitioner's two habeas attorneys (document # 14). For the reasons stated herein, this Motion will be denied.

On August 19, 2003, Petitioner was convicted of conspiring to launder money in violation of 18 U.S.C. § 1956(h) and was sentenced to an 84-month term of imprisonment, which sentence was to be served concurrently with a 146-month term which he already was serving for a drug conviction he sustained in a federal court in Illinois.

On August 16, 2004, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 (document # 1). The three enumerated claims in the Motion to Vacate alleged various instances of ineffective assistance of counsel all premised on Petitioner's theory that he should not have been prosecuted and convicted for his money

laundering conduct because he had an immunity agreement with federal authorities in Illinois which entitled him to use as he saw fit the proceeds from his earlier drug dealing.

By the third claim set forth in his Motion to Vacate, Petitioner alleged that trial counsel had discussed the possibility of an appeal but had dissuaded him from appealing without first informing him: (1)that counsel had failed to protect his rights under the immunity agreement; and (2) that he had a right to raise a claim of ineffectiveness of counsel on appeal. Subsequently, however, Petitioner modified this claim by indirectly asserting that counsel had failed to honor his request for an appeal. The Government denied the existence of any such immunity agreement and, by its combined Response and Motion for Summary Judgment (document # 7), sought the dismissal of Petitioner's Motion to Vacate for his failure to state a claim for relief. For its part, this Court rejected all three of Petitioner's claims, ultimately concluding that there was no immunity agreement which shielded Petitioner's conduct from prosecution and that he had failed to show that his former trial counsel was ineffective.

More particularly, as to Petitioner's third claim as it was originally alleged, the Court found that the information which counsel allegedly failed to disclose simply did not impact Petitioner's substantial rights because there was no immunity

agreement and it found that claims of ineffective assistance of counsel typically are raised in collateral proceedings, not on direct appeal.

As for the claim that one of Petitioner's attorneys had failed to honor his request for an appeal, the Court further noted that the timing of such allegation was curious. That is, the Court observed that it was not until after the Government had responded to the original claim -- thereby exposing its weaknesses -- that Petitioner submitted an Affidavit in which he suggested, for the first time, that his former attorney had denied his request for an appeal.[1] (See document # 11: Petitioner's Reply, Exhibit B, ¶ 4). Thus, the Court expressed skepticism about the claim due, in part, to its timing.

Of particular significance here, the Court further found that the veracity of Petitioner's belated allegation also was undermined by other unrelated statements which habeas counsel had made in her supporting memorandum and which directly were belied by the record. For instance, in the Motion to Vacate habeas counsel had stated that David Smith, an individual against whom Petitioner provided cooperation to authorities in this District, had told authorities that he and Petitioner had engaged in drug deals; that Petitioner had denied that accusation; and that

---

[1] In his Affidavit, Petitioner stated: "I requested an appeal of my Chicago case and I also requested an appeal in my Charlotte case. My attorney informed me that I couldn't file an appeal because the sentences would be run consecutive instead of concurrent."

3

Smith's accusation "was not unexpected as he was facing a substantial period of time in jail as a result of Petitioner's cooperation." Habeas counsel further stated that "no evidence could be shown that Petitioner was, in fact, dealing drugs. The only thing that became known by Smith's cooperation was that Petitioner had purchased cars from Smith's business with cash left in his possession while cooperating with authorities in Chicago." (See Petitioner's Motion to Vacate at pp. 4-5). In footnote six of its Order of dismissal, the Court called the foregoing a "false claim" and an "obvious misrepresentation" because the record evidence showed that Petitioner was not merely "purchas[ing] cars" from Smith's business but was using those purchases to launder proceeds from his earlier drug sales; that Petitioner's guilty plea constituted an admission of that unlawful conduct; and that Petitioner actually had confessed -- albeit, reluctantly -- to having sold a kilogram of cocaine to Smith.

By the instant Motion to Redact, Ms. Shein asks that the Court redact footnote six. The grounds asserted for this relief are not clear to the Court,[2] except that Attorney Shein objects to the words "false claim" and "obvious misrepresentation." In

---

[2] The rationale was stated as follows: "The comment reflected in footnote six regarding counsel's statements appears on page four of the original 2255 and if written more carefully was intended to show that it was Smith's co-operation that supported the statement contained in the footnote and not a statement by counsel." Motion to Redact, ¶ 3.

4

any event, the Court will decline to redact.  It is true that a change of the word "false" to "incorrect" and of the word "misrepresentation" to "mischaracterization" would be equally serviceable to the point made in the Order as filed; however, this would seem to be a matter of relatively small moment -- one not rising to a level calling for redaction.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Motion to Redact is **DENIED.**

**SO ORDERED.**

Signed: June 2, 2008

Richard L. Voorhees
United States District Judge